140

## BROWN v. GREENE.
### No. 440.

Municipal Court of Appeals for the
District of Columbia.

Dec. 12, 1946.

Cornelius H. Doherty, of Washington, D. C., for appellant.

Louis F. Frick, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant was the employer of Oscar L. Brown who had been sued by his wife Katherine H. Brown in the United States District Court for divorce, and had in that case been ordered to pay his wife $15 per week, as alimony. To collect arrears allegedly due under that order Mrs. Brown caused a writ of garnishment to be issued out of the District Court against her husband's employer Wilmore Greene, on October 13, 1944. An agreement was then reached between the attorney for plaintiff and Greene, the employer-garnishee, whereby the garnishment was to be released and the garnishee was to send plaintiff's attorney $15 each week. (A bit later we shall recite further details of this agreement.) Four payments were made and no more. Brown continued in Greene's employment until December 11, 1944, when he was committed to jail for one month for contempt for · failure to pay the alimony ordered. After his release he went back to work for Greene and continued to work for him until May 1945.

In October 1945, Mrs. Brown sued Greene in the Municipal Court for $450, on the theory that he had contracted to pay her $15 per week during each week that Brown worked for him. At the trial, which was before a jury, the only testimony was that of defendant Greene whom the plaintiff called as a witness. He admitted that after the garnishment papers were served upon him he telephoned plaintiff's attorney and on the promise of the attorney to release the garnishment, agreed to send the attorney $15 per week so long as Brown worked for him. But he also testified that this sum of $15 weekly was to be withheld from Brown's pay only so long as Brown agreed to it. He testified that he made written response to the garnishment, reciting " * * * agreement was made by the attorney for the plaintiff to accept $15.00 per week which was to be sent in by me as long as he works for me, one check was mailed October 17, 1944, for $15.00." He also testified that he sent four checks of $15 each to plaintiff's attorney and then discontinued the payments because Brown refused to allow any further deductions from his pay.

No further testimony was offered by either party and defendant moved for a directed verdict. Both counsel agreed to have the case taken from the jury and de-

cided by the judge. The jury was accordingly discharged and the case taken under advisement. Briefs were filed and soon thereafter the trial judge ordered finding for defendant. The case is here on plaintiff's appeal.

▆▆▆▆ The judgment must be affirmed. According to the only testimony in the case the agreement was not, as plaintiff insists, one by which defendant as garnishee' of plaintiff and employer of the debtor Brown unconditionally bound himself to pay plaintiff $15 for every week that Brown worked for him. Quite to the contrary: it was an agreement to make such payments only so long as Brown consented. It is true that in his answer to the garnishment defendant did not set out the agreement in the same detail as recited in his testimony; but that circumstance affected only the weight of his testimony, and did not require the judge to disbelieve him. And it is plain that defendant performed the agreement so long as he had Brown's consent. When Brown withdrew his consent defendant no longer had the right to divert any part of Brown's pay to the plaintiff. That is the crux of this appeal, reduced to its one simple and inescapable issue.

Moreover, plaintiff soon thereafter resorted to contempt proceedings in the District Court to enforce payment of the decree and actually had her husband put in jail for his default. This is quite inconsistent with her contention that she had an absolute right to look to the employer personally for the money.

Affirmed.